COPY

1   Robert J. McGahan (State Bar No. 196568)
    *rmcgahan@goodwinprocter.com*
2   GOODWIN PROCTER LLP
    601 South Figueroa Street, 41st Floor
3   Los Angeles, CA  90017
    Tel:    (213) 426-2535
4   Fax:   (213) 623-1673

5   Thomas F. Fitzpatrick (State Bar No. 193565)
    *tfitzpatrick@goodwinprocter.com*
6   GOODWIN PROCTER LLP
    135 Commonwealth Drive
7   Menlo Park, CA 94025-1105
    Tel:    (650) 752-3100
8   Fax:   (650) 752-3199

9   Attorneys for Plaintiff
    **WHAM-O, INC.**

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                      WESTERN DIVISION

14  WHAM-O, INC., a Delaware          Case No. **CV08-07830** (SSx)
    Corporation,
15                                    **WHAM-O, INC.'S COMPLAINT**
                 *Plaintiff,*         **FOR DECLARATORY**
16                                    **JUDGMENT**
             v.
17
    MANLEY TOYS, LTD. and
18  AW COMPUTER HOLDINGS LLC,

19               *Defendants.*

20

21

22

23

24

25

26

27

28

1       Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff Wham-O, Inc. (hereinafter

2 "Wham-O"), brings this declaratory judgment action against Manley Toys, Ltd.

3 ("Manley") and AW Computer Holdings LLC ("AWCH") (collectively

4 "defendants") under the trademark laws of the United States, 15 U.S.C. § 1111 et.

5 seq.  This court has original jurisdiction of this action pursuant to 28 U.S.C. §§

6 1331, 1332 and 1338(a).  Wham-O seeks a declaration that its famous and federally-

7 registered SLIP 'N SLIDE, FRISBEE, and HULA HOOP trademarks have not

8 become generic.  In addition, Wham-O seeks a declaration that application Serial

9 No. 77/234,204 for its SUPERBALL trademark should proceed to allowance.

10                      **BACKGROUND**

11     1.     Wham-O manufactures and markets some of the most recognizable toy

12 brands in the world, including SLIP 'N SLIDE water slides, FRISBEE flying discs,

13 HULA HOOP toy hoops, and SUPERBALL sport and toy balls.  Wham-O or its

14 predecessors have exclusively used these marks for over forty years.  Toys sold

15 under the marks are among the most popular ever sold, with sales in the hundreds of

16 millions of units.

17     2.     Defendant Manley, run by its principals, Samson Chan, Lisa Liu and

18 Brian Dubinsky, is a competitor of Wham-O and uses a variety of corporate alter-

19 egos – SLB Toys USA, Inc. ("SLB"), Aquawood LLC, AWCH, Manley Toy Direct,

20 LLC – to carry out the same business, often under the trade name "ToyQuest."  This

21 case is an outgrowth of several other civil actions involving Manley, AWCH, and

22 their alter-egos and principals.  Over the past several years, defendants have

23 engaged in a wide-ranging scheme to destroy Wham-O's business and the enormous

24 goodwill associated with many of its famous brands.

25     3.     To that end, defendants and/or their alter egos have repeatedly engaged

26 in willful infringement of Wham-O's registered trademarks on a massive scale.

27     4.     In one matter, concerning Wham-O's federally-registered SLIP 'N

28 SLIDE design marks, on October 11, 2007, a jury found defendants' alter-ego SLB

       -1-       PLAINTIFF WHAM-O, INC.'S COMPLAINT
FOR DECLARATORY JUDGMENT

1  liable for intentional infringement, dilution, and unfair competition and awarded

2  Wham-O $6 million in actual and exemplary damages.  In addition, on December 4.

3  2007, the Court awarded Wham-O nearly $2 million in attorneys' fees and costs.

4  *See SLB Toys USA, Inc. v. Wham-O, Inc.*, C.D. CA. Civ. A. No. CV06-1382-

5  RSWL-CW.  On December 3, 2007, SLB also was permanently enjoined from

6  selling competing water slides using Wham-O's trademarked design.  SLB and its

7  alter-egos Manley and AWCH ignored the injunction, which is the subject of

8  another civil action.  *See Wham-O, Inc. v. Manley Toys, Ltd. et al.*, C.D. CA. Civ. A.

9  No. CV08-1281-RSWL-CW.

10      5.      In another matter, concerning intentional infringement of Wham-O's

11  federally-registered WAVE RIDER mark, on May 23, 2008, the Court entered a

12  $700,000.00 default judgment that included treble damages and attorneys' fees.  *See*

13  *Wham-O, Inc. v. SLB Toys USA, Inc.*, C.D. CA. Civ. A. No. CV06-06508-RSWL-

14  CW.

15      6.      In yet another matter, defendants' alter-ego Manley Toy Direct, LLC,

16  along with its "its officers, agents, owners, employees, confederates, attorneys and

17  any persons in active concert or participation with them" were permanently

18  enjoined, on October 19, 2006,  from using the FRISBEE mark and Wham-O's

19  federally-registered SUPERBALL mark "in connection with the advertising,

20  manufacturing, offering for sale, distribution or sale of toy products or any other

21  goods that are not authorized by Wham-O."  *See Wham-O, Inc. v. Manley Toy*

22  *Direct, LLC*, N.D. CA. Civ. A. No. CV06-04504-JF.

23      7.      Defendants' scheme to destroy Wham-O extends beyond trademark

24  infringement into unfair competition.  Defendants and their alter-egos paid a Wham-

25  O senior executive to act as a "mole" for a period of months and eventually to steal

26  Wham-O's proprietary trade secrets – including gigabytes of Wham-O's electronic

27  designs, business plans, and financial data.  *See Wham-O, Inc. v. Sefchick et al.*,

28  Superior Court, Alameda County, Case No. RG07329828.  In that case, defendants

1    intentionally destroyed and attempted to hide electronic evidence of their outrageous

2    conduct.

3        8.      Consistent with their scorched-earth tactics, the defendants' response to

4    the judgments against them has been to engage in extreme efforts to avoid payment.

5    Specifically, the defendant in the SLIP 'N SLIDE design mark matter, SLB,

6    purported to divest itself of all of its assets and liabilities through an unsupervised

7    and unregulated Assignment for Benefit of Creditors under state law. Wham-O is

8    attempting to enforce the judgment against SLB's alter egos, including Manley and

9    AWCH, in *Wham-O, Inc. v. Manley Toys, Ltd. et al.*, C.D. CA. Civ. A. No. CV08-

10    1281-RSWL-CW. *See generally* Second Am. and Supp. Compl., C.D. CA. Civ. A.

11    No. CV08-1281-RSWL-CW, filed April 21, 2008 (detailing SLB's efforts to avoid

12    the judgment and its various alter egos).

13        9.      Defendants latest strategy involves an attack on a new front: filing

14    baseless cancellation and opposition proceedings against Wham-O's marks at the

15    U.S. Patent & Trademark Office (the "PTO"). Specifically, defendants have filed

16    four separate petitions to cancel three of Wham-O's most famous and long-lived

17    trademark registrations: SLIP 'N SLIDE, FRISBEE, and HULA HOOP, and a

18    notice of opposition against a pending Wham-O application for its famous mark

19    SUPERBALL. These cancellation and opposition proceedings are the subject of

20    this declaratory judgment complaint.

21                                    **PARTIES**

22        10.      Wham-O is a Delaware corporation with a principal place of business

23    at 5903 Christie Avenue, Emeryville, California 94608.

24        11.      Upon information and belief, defendant Manley is a company

25    organized under the laws of Hong Kong, with its principal place of business in

26    Kowloon, Hong Kong and a California address at 2228-2229 Barry Avenue, Los

27    Angeles, California 90064. Manley is a defendant in the related case *Wham-O, Inc.*

28    *v. Manley Toys, Ltd. et al.*, C.D. CA. Civ. A. No. CV08-1281-RSWL-CW. Manley

1  regularly conducts business in this District and elsewhere throughout the United

2  States through the operations of SLB d/b/a Toyquest and its successor Aquawood

3  LLC d/b/a Toyquest.  Manley has entered into contracts with United States retailers

4  that provide for the shipment of product into this District and elsewhere throughout

5  the United States, and Manley has also delivered such product to retailers in Hong

6  Kong with the knowledge and intent that such product be placed on retail store

7  shelves and sold to consumers throughout this District and elsewhere in the United

8  States.

9        12.    Upon information and belief, defendant AWCH is a California limited

10  liability company with its principal place of business at 2228-2229 Barry Avenue,

11  Los Angeles, California 90064.  AWCH is a defendant in the related case *Wham-O,*

12  *Inc. v. Manley Toys, Ltd. et al.*, C.D. CA. Civ. A. No. CV08-1281-RSWL-CW.

13                          **JURISDICTION AND VENUE**

14        13.    This is an action for a declaratory judgment pursuant to the provisions

15  of 28 U.S.C. § 2201, et. seq., arising under trademark laws of the United States, 15

16  U.S.C. § 1111 et. seq.

17        14.    This Court has original jurisdiction of this action arising under

18  trademark laws pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

19        15.    Venue is proper in this jurisdiction under 28. U.S.C. §§ 1391(b) and (c)

20  because this is the judicial district where (i) a substantial part of the events or

21  omissions giving rise to the claim occurred; and (ii) where Defendants reside and/or

22  conduct business.

23                                 **FACTS**

24        **The SLIP 'N SLIDE Mark**

25        16.    Wham-O and its predecessors have long engaged in the business of

26  manufacturing and marketing in interstate commerce toys called "water slides" sold

27  under the SLIP 'N SLIDE trademark (the "SLIP 'N SLIDE Mark").  SLIP 'N

28

1    SLIDE is an incontestable federally-registered trademark of Wham-O, U.S. Reg.

2    No. 761,883, attached hereto as Exhibit 1.

3         17.    Since the introduction to the public of the SLIP 'N SLIDE water slide

4    toy in 1961, Wham-O or its predecessors have continuously used the SLIP 'N

5    SLIDE Mark, which has long served to identify and distinguish Wham-O's water

6    slide toys from those of others.  Wham-O and its predecessors have sold millions of

7    water slides under the SLIP 'N SLIDE Mark, and Wham-O has consistently

8    promoted the mark on its packaging, creating a direct consumer association between

9    the SLIP 'N SLIDE Mark and Wham-O as source.

10        18.    Wham-O has widely promoted the SLIP 'N SLIDE Mark, investing

11   significant expenditures on marketing efforts, including television advertising.  The

12   product has been sold by all of the nation's largest toy retailers and through over

13   more than four decades of use, promotion and sales, the SLIP 'N SLIDE Mark has

14   become famous.  The goodwill connected with the use of, and symbolized by, the

15   SLIP 'N SLIDE Mark is an extremely valuable asset of Wham-O.

16        19.    In addition to continuous use of the SLIP 'N SLIDE Mark, Wham-O

17   actively polices the improper use of its mark by others.  Wham-O regularly asserts

18   and enforces its rights against third-parties, including sending cease and desist

19   letters and, if necessary, filing lawsuits.

20        20.    The primary significance of the SLIP 'N SLIDE Mark among relevant

21   consumers is to identify Wham-O as source.  In apparent recognition of the

22   continuing and distinctive source-identifying nature of the SLIP 'N SLIDE Mark,

23   Wham-O competitors routinely refer to their products in the marketplace by the

24   generic name "water slide."  For example, upon information and belief, Manley and

25   AWCH themselves or through alter-egos sell a product called the "Banzai Falls

26   Water Slide."

27

28

**The FRISBEE Mark**

21.     Wham-O has long engaged in the business of manufacturing and marketing in interstate commerce toys called "flying discs" sold under the FRISBEE trademark (the "FRISBEE Mark").  FRISBEE is a federally-registered trademark of Wham-O, U.S. Reg. No. 679,186, attached hereto as Exhibit 2.

22.     Since the introduction to the public of the FRISBEE flying disc in 1957, Wham-O has continuously used the FRISBEE Mark, which has long served to identify and distinguish Wham-O's flying discs from those of others.  Wham-O has sold over 100 million flying discs under the FRISBEE Mark, and Wham-O has consistently promoted the mark on its packaging, creating a direct consumer association between the FRISBEE Mark and Wham-O as source.

23.     Wham-O has widely promoted the FRISBEE Mark, investing significant expenditures on marketing efforts, including television advertising.  The product has been sold by all of the nation's largest toy retailers and through over more than four decades of use, promotion and sales, the FRISBEE Mark has become famous.  The goodwill connected with the use of, and symbolized by, the FRISBEE Mark is an extremely valuable asset of Wham-O.

24.     In addition to continuous use of the FRISBEE Mark, Wham-O actively polices the improper use of its mark by others.  Wham-O regularly asserts and enforces its rights against third-parties, including sending cease and desist letters and, if necessary, filing lawsuits.

25.     The primary significance of the FRISBEE Mark among relevant consumers is to identify Wham-O as source.  In apparent recognition of the continuing and distinctive source-identifying nature of the FRISBEE Mark, Wham-O competitors routinely refer to their products in the marketplace by the generic name "flying discs."  For example, upon information and belief, Manley and AWCH themselves or through alter-egos sell a product called the "Super Disc."

**The HULA HOOP Mark**

26.  Wham-O has long engaged in the business of manufacturing and marketing in interstate commerce goods called "toy hoops" sold under the HULA HOOP trademark (the "HULA HOOP Mark").  HULA HOOP is a federally-registered trademark of Wham-O, U.S. Reg. No. 739,307, attached hereto as Exhibit 3.

27.  Since the introduction to the public of the HULA HOOP toy hoop in 1958, Wham-O has continuously used the HULA HOOP Mark, which has long served to identify and distinguish Wham-O's toy hoops from those of others.  In just the first two years after its introduction, Wham-O sold over 200 million HULA HOOP toy hoops, which makes it among the best selling toys of all time.  Since its introduction, Wham-O has sold many millions more toy hoops under the HULA HOOP Mark, and Wham-O has consistently promoted the mark on its packaging, creating a direct consumer association between the HULA HOOP Mark and Wham-O as source.

28.  Wham-O has widely promoted the HULA HOOP Mark, investing significant expenditures on marketing efforts, including television advertising.  The product has been sold by all of the nation's discount toy retailers and through over more than four decades of use, promotion and sales, the HULA HOOP Mark has become famous.  The goodwill connected with the use of, and symbolized by, the HULA HOOP Mark is an extremely valuable asset of Wham-O.

29.  In addition to continuous use of the HULA HOOP Mark, Wham-O actively polices the improper use of its mark by others.  Wham-O regularly asserts and enforces its rights against third-parties, including sending cease and desist letters and, if necessary, filing lawsuits.

30.  The primary significance of the HULA HOOP Mark among relevant consumers is to identify Wham-O as source.  In apparent recognition of the continuing and distinctive source-identifying nature of the HULA HOOP Mark,

1  Wham-O competitors routinely refer to their products in the marketplace by the

2  generic name "toy hoops."

3  **The SUPERBALL Mark**

4      31.    Wham-O and its predecessors have long engaged in the business of

5  manufacturing and marketing in interstate commerce small high-bouncing rubber

6  balls sold under the SUPER BALL and SUPERBALL trademarks (the

7  "SUPERBALL Mark"). SUPER BALL is the subject of an incontestable federal

8  trademark registration owned by Wham-O, U.S. Reg. No. 811,650, attached hereto

9  as Exhibit 4. Wham-O is also the applicant on U.S. Serial No. 77/234,204, for the

10  mark SUPERBALL, for use in connection with sports balls and other related goods.

11      32.    Since the introduction to the public of the SUPERBALL toy in 1965,

12  Wham-O or its predecessors have continuously used the SUPERBALL Mark, which

13  has long served to identify and distinguish Wham-O's toy balls from those of others.

14  Wham-O and its predecessors have sold millions of toy balls under the

15  SUPERBALL Mark, and Wham-O has consistently promoted the mark on its

16  packaging, creating a direct consumer association between the SUPERBALL Mark

17  and Wham-O as source.

18      33.    Wham-O has widely promoted the SUPERBALL Mark, investing

19  significant expenditures on marketing efforts, including television advertising. The

20  product has been sold by all of the nation's largest toy retailers and through over

21  more than four decades of use, promotion and sales, the SUPERBALL Mark has

22  become famous. The goodwill connected with the use of, and symbolized by, the

23  SUPERBALL Mark is an extremely valuable asset of Wham-O.

24      34.    In addition to continuous use of the SUPERBALL Mark, Wham-O

25  actively polices the improper use of its mark by others. Wham-O regularly asserts

26  and enforces its rights against third-parties, including sending cease and desist

27  letters and, if necessary, filing lawsuits.

28

35.     The primary significance of the SUPERBALL Mark among relevant consumers is to identify Wham-O as source and to distinguish Wham-O's products from other rubber ball toys.

36.     Wham-O has previously prevailed in litigation with Manley regarding the SUPERBALL Mark, obtaining a permanent injunction on October 19, 2006, barring Manley from using Wham-O's federally-registered SUPERBALL Mark "in connection with the advertising, manufacturing, offering for sale, distribution or sale of toy products or any other goods that are not authorized by Wham-O." *See Wham-O, Inc. v. Manley Toy Direct, LLC*, N.D. CA. Civ. A. No. CV06-04504-JF.

**The Petitions to Cancel and Oppose**

37.     On April 28, 2008, AWCH filed in the PTO a Petition to Cancel the SLIP 'N SLIDE Mark alleging that the mark "is a generic term for a water slide, upon which the user slips and slides." *See* PTO Cancellation Proceeding No. 92049264, attached as Exhibit 5.  Upon information and belief, AWCH, on its own or through its alter egos, designs, manufactures and distributes a variety of toys including an extensive line of water slides.

38.     On July 10, 2008, Manley filed in the PTO a Petition to Cancel the SLIP 'N SLIDE Mark alleging that the mark "is the common descriptive name of the articles included in [Wham-O's] description of goods and has become the generic name of all such goods." *See* PTO Cancellation Proceeding No. 92049646, attached as Exhibit 6.  The Petition for Cancellation also states that Manley "designs, manufactures and distributes a variety of toys including an extensive line of water slides and water toys including slip 'n slides." *Id.*

39.     On July 30, 2008, Manley filed in the PTO a Petition to Cancel the FRISBEE Mark alleging that the mark "is the common descriptive name of the articles included in [Wham-O's] description of goods and has become the generic name of all such goods." *See* PTO Cancellation Proceeding No. 92049734, attached

1   as Exhibit 7.  The Petition for Cancellation also states that Manley "designs,

2   manufactures and distributes a variety of toys, including frisbees." *Id.*

3        40.   On July 30, 2008, Manley filed in the PTO a Petition to Cancel the

4   HULA HOOP Mark alleging that the mark "is the common descriptive name of the

5   articles included in [Wham-O's] description of goods and has become the generic

6   name of all such goods." *See* PTO Cancellation Proceeding No. 92049760, attached

7   as Exhibit 8.  The Petition for Cancellation also states that Manley "designs,

8   manufactures and distributes a variety of toys, including hula-hoops." *Id.*

9        41.   On or about October 31, 2008, Manley filed in the PTO a Notice of

10  Opposition against Wham-O's application Serial No. 77/234,204 for the

11  SUPERBALL Mark, alleging that Wham-O "does not have a bona fide intent to use

12  the mark SUPERBALL in connection with all the goods listed in the Application",

13  and that Wham-O's application is "fraudulent and constitutes inequitable conduct."

14  *See* Notice of Opposition No. 91187279, attached as Exhibit 9.  The Notice of

15  Opposition further alleges that Manley "designs, manufactures and distributes a

16  variety of toys and believes that it will be damaged by the registration of the term

17  mark SUPERBALL" [sic]. *Id.*

18                           **COUNT I**

19      **(Declaratory Judgment Against AWCH – SLIP 'N SLIDE Mark)**

20       42.   Wham-O repeats and realleges the allegations contained in paragraphs

21  1 through 41 as if fully set forth herein.

22       43.   An actual controversy exists between Wham-O and AWCH with

23  respect to the continuing validity of U.S. Reg. No. 761,883 for the SLIP 'N SLIDE

24  Mark.

25       44.   AWCH filed a Petition for Cancellation in the PTO, Cancellation

26  Proceeding No. 92049264, in which it contends that the SLIP N SLIDE Mark has

27  become generic and should be cancelled pursuant to 15 U.S.C. § 1064.

28

45.     Wham-O's SLIP N SLIDE Mark has not become generic and defendants cannot prove that it has become generic.

46.     Wham-O's Reg. No. 761,883 should not be canceled on the ground asserted in the PTO proceeding.

47.     Pursuant to 28 U.S.C.§§ 2201 and 2202, Wham-O is therefore entitled to a declaration that the SLIP 'N SLIDE Mark has not become generic and Reg. No. 761,883 remains valid.

## COUNT II

### (Declaratory Judgment Against Manley – SLIP 'N SLIDE Mark)

48.     Wham-O repeats and realleges the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49.     An actual controversy exists between Wham-O and Manley with respect to the continuing validity of U.S. Reg. No. 761,883 for the SLIP 'N SLIDE Mark.

50.     Manley filed a Petition for Cancellation in the PTO, Cancellation Proceeding No. 92049646, in which it contends that the SLIP N SLIDE Mark has become generic and should be cancelled pursuant to 15 U.S.C. § 1064.

51.     Wham-O's SLIP N SLIDE Mark has not become generic and defendants cannot prove it has become generic.

52.     Wham-O's Reg. No. 761,883 should not be canceled on the ground asserted in the PTO proceeding.

53.     Pursuant to 28 U.S.C.§§ 2201 and 2202, Wham-O is therefore entitled to a declaration that the SLIP 'N SLIDE Mark has not become generic and Reg. No. 761,883 remains valid.

## COUNT III

### (Declaratory Judgment Against Manley – FRISBEE Mark)

54.     Wham-O repeats and realleges the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

1    55.    An actual controversy exists between Wham-O and Manley with

2    respect to the continuing validity of U.S. Reg. No. 679,186 for the FRISBEE Mark.

3    56.    Manley filed a Petition for Cancellation in the PTO, Cancellation

4    Proceeding No. 92049734, in which it contends that the FRISBEE Mark has become

5    generic and should be cancelled pursuant to 15 U.S.C. § 1064.

6    57.    Wham-O's FRISBEE Mark has not become generic and defendants

7    cannot prove that it has become generic.

8    58.    Wham-O's Reg. No. 679,186 should not be canceled on the ground

9    asserted in the PTO proceeding.

10    59.    Pursuant to 28 U.S.C.§§ 2201 and 2202, Wham-O is therefore entitled

11    to a declaration that the FRISBEE Mark has not become generic and Reg. No.

12    679,186 remains valid.

13    ## COUNT IV

14    **(Declaratory Judgment Against Manley – HULA HOOP Mark)**

15    60.    Wham-O repeats and realleges the allegations contained in paragraphs

16    1 through 59 as if fully set forth herein.

17    61.    An actual controversy exists between Wham-O and Manley with

18    respect to the continuing validity of U.S. Reg. No. 739,307 for the HULA HOOP

19    Mark.

20    62.    Manley filed a Petition for Cancellation in the PTO, Cancellation

21    Proceeding No. 92049760, in which it contends that the HULA HOOP Mark has

22    become generic and should be cancelled pursuant to 15 U.S.C. § 1064.

23    63.    Wham-O's HULA HOOP Mark has not become generic and defendants

24    cannot prove that it has become generic.

25    64.    Wham-O's Reg. No. 739,307 should not be canceled on the ground

26    asserted in the PTO proceeding.

27

28

65.     Pursuant to 28 U.S.C.§§ 2201 and 2202, Wham-O is therefore entitled to a declaration that the HULA HOOP Mark has not become generic and Reg. No. 739,307 remains valid.

## COUNT V

### (Declaratory Relief Against Manley – SUPERBALL Mark)

66.     Wham-O repeats and realleges the allegations contained in paragraphs 1 through 65 as if fully set forth herein.

67.     An actual controversy exists between Wham-O and Manley with respect to Wham-O's right to use and register the SUPERBALL Mark.

68.     Manley filed a Notice of Opposition in the PTO, No. 91187279, in which it contends that the WHAM-O does not have a *bona fide* intent to use the mark, despite having actual knowledge that Wham-O is already using the mark and has been for many years.

69.     Manley's claim of lack of bona fide intent, fraud and inequitable conduct is without basis in fact or law, and Manley lacks standing to oppose the application.

70.     Wham-O's application Serial No. 77/234,204 should proceed to allowance.

71.     Pursuant to 28 U.S.C.§§ 2201 and 2202, Wham-O is therefore entitled to a declaration that it committed no fraud or inequitable conduct before the PTO in the prosecution of application Serial No. 77/234,204, that it has a bona fide intent to use the SUPERBALL mark in connection with the goods listed in application Serial No. 77/234,204, and that application Serial No. 77/234,204 should proceed to allowance.

## PRAYER FOR RELIEF

WHEREFORE, Wham-O respectfully requests entry of Judgment:

A.     declaring that Wham-O's SLIP N SLIDE Mark has not become generic and Reg. No. 761,883 remains valid;

1        B.     enjoining Manley and AWCH and their officers, agents, owners,

2  employees, confederates, alter-egos, attorneys and any persons in active concert or

3  participation with them from using the SLIP N SLIDE Mark (and any other

4  confusingly similar mark) in commerce in connection with their water slides;

5        C.     declaring that Wham-O's FRISBEE Mark has not become generic and

6  Reg. No. 679,186 remains valid;

7        D.     enjoining Manley and its officers, agents, owners, employees,

8  confederates, alter-egos, attorneys and any persons in active concert or participation

9  with it from using the FRISBEE Mark (and any other confusingly similar mark) in

10  commerce in connection with its flying discs;

11        E.     declaring that Wham-O's HULA HOOP Mark has not become generic

12  and Reg. No. 739,307 remains valid;

13        F.     enjoining Manley and its officers, agents, owners, employees,

14  confederates, alter-egos, attorneys and any persons in active concert or participation

15  with it from using the HULA HOOP Mark (and any other confusingly similar mark)

16  in commerce in connection with its toy hoops;

17        G.     declaring that Wham-O committed no fraud or inequitable conduct

18  before the PTO in the prosecution of application Serial No. 77/234,204, that it has a

19  bona fide intent to use the SUPERBALL mark in connection with the goods listed in

20  application Serial No. 77/234,204, and that application Serial No. 77/234,204 should

21  proceed to allowance;

22        H.     enjoining Manley and its officers, agents, owners, employees,

23  confederates, alter-egos, attorneys and any persons in active concert or participation

24  with it from using the SUPERBALL Mark (and any other confusingly similar mark)

25  in commerce in connection with the goods identified in application Serial No.

26  77/234,204;

27        I.     awarding Wham-O its costs and reasonable attorneys' fees; and

28

1       J.     granting Wham-O such other further relief as the Court deems just and

2 proper.

3 **JURY TRIAL DEMAND**

4     Plaintiff demands trial by jury on all issues so triable.

5 Dated:   November 25, 2008         Respectfully submitted,

6

7                 By: _____

8                     Robert J. McGahan
                    *rmcgahan@goodwinprocter.com*

9                     **GOODWIN PROCTER LLP**
                    601 South Figueroa Street, 41st Floor

10                     Los Angeles, CA 90017
                    Tel:   (213) 426-2535
                    Fax:   (213) 623-1673

11

12                     Thomas F. Fitzpatrick
                    *tfitzpatrick@goodwinprocter.com*

13                     **GOODWIN PROCTER LLP**
                    135 Commonwealth Drive

14                     Menlo Park, CA 94025-1105
                    Tel:   (650) 752-3100
                    Fax:   (650) 752-3199

15

16                     Attorneys for Plaintiff
                    **WHAM-O, INC.**

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# United States Patent Office

**761,883**
Registered Dec. 24, 1963

## PRINCIPAL REGISTER
### Trademark

Ser. No. 118,388, filed Apr. 21, 1961

## SLIP 'N SLIDE

Wham-O Manufacturing Company (California corporation)
835 E. El Monte St.
San Gabriel, Calif.

For: FLEXIBLE PLASTIC WATER SLIDE, in CLASS 22.

First use Apr. 13, 1961; in commerce Apr. 13, 1961.

No claim of exclusive right is made to the use of "Slide."

Exhibit 1          16

# EXHIBIT 2

# United States Patent Office

679,186
Registered May 26, 1959

## PRINCIPAL REGISTER
## Trademark

Ser. No. 56,220, filed July 28, 1958

## FRISBEE

Wham-O Mfg. Co. (California corporation)
835 E. El Monte St.
San Gabriel, Calif.

For: TOY FLYING SAUCERS FOR TOSS GAMES, in CLASS 22.

First use June 17, 1957; in commerce July 8, 1957.

Exhibit 2        17

# EXHIBIT 3

# United States Patent Office

**739,307**
Registered Oct. 16, 1962

## PRINCIPAL REGISTER
### Trademark

Ser. No. 53,914, filed June 19, 1958

# HULA-HOOP

Wham-O Mfg. Co. (California corporation)
835 E. El Monte St.
San Gabriel, Calif.

For: PLASTIC TOY HOOPS, in CLASS 22.
First use May 20, 1958; in commerce May 21, 1958.

Exhibit 3          18

# EXHIBIT 4

# United States Patent Office

811,650
Registered July 26, 1966

## PRINCIPAL REGISTER
### Trademark

Ser. No. 223,608, filed July 16, 1965

## SUPER BALL

Wham-O Manufacturing Company (California corporation)
835 E. El Monte St.
San Gabriel, Calif.

For: SPORT AND TOY BALLS, in CLASS 22.
First use June 9, 1965; in commerce June 9, 1965.

V. T. HARFORD, JR., *Examiner*.

Exhibit 4          19

# EXHIBIT 5

Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov

| ESTTA Tracking number: | **ESTTA207690** |
|---|---|
| Filing date: | **04/28/2008** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

## Petitioner Information

| Name | AW Computer Holdings LLC | | |
|---|---|---|---|
| Entity | Limited Liability Company | Citizenship | California |
| Address | 2229 Barry Avenue<br>Los Angeles, CA 90064<br>UNITED STATES | | |

| Attorney information | Rod S. Berman<br>Jeffer Mangels Butler & Marmaro LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>UNITED STATES<br>trademarkdocket@jmbm.com Phone:310-203-8080 |
|---|---|

## Registrations Subject to Cancellation

| Registration No | 761883 | Registration date | 12/24/1963 |
|---|---|---|---|
| Registrant | WHAM-O, INC.<br>5903 CHRISTIE AVENUE<br>EMERYVILLE, CA 94608<br>UNITED STATES | | |

## Goods/Services Subject to Cancellation

| Class U022 (International Class 028). First Use: 1961/04/13 First Use In Commerce: 1961/04/13<br>All goods and services in the class are cancelled, namely: Flexible Plastic Water Slide |
|---|

## Grounds for Cancellation

| Genericness | Trademark Act section 23 | |
|---|---|---|
| Registration No | 1432069 | Registration date | 03/10/1987 |
| Registrant | WHAM-O, INC.<br>5903 CHRISTIE AVENUE<br>EMERYVILLE, CA 94608<br>UNITED STATES | | |

## Goods/Services Subject to Cancellation

| Class 028. First Use: 1960/00/00 First Use In Commerce: 1960/00/00<br>All goods and services in the class are cancelled, namely: WATER SLIDE TOYS |
|---|

## Grounds for Cancellation

| The mark comprises matter that, as a whole, is functional | Trademark Act section 2(e)(5) |
|---|---|

Exhibit 5          20

| *Torres v. Cantine Torresella S.r.l.Fraud* | | 808 F.2d 46, 1 USPQ2d 1483 (Fed. Cir. 1986) | |
|---|---|---|---|
| Registration No | 2924744 | Registration date | 02/08/2005 |
| Registrant | Wham-O, Inc.<br>5903 Christie Avenue<br>Emeryville, CA 94608<br>UNITED STATES | | |

## Goods/Services Subject to Cancellation

| Class 028. First Use: 1998/05/00 First Use In Commerce: 1998/12/00<br>All goods and services in the class are cancelled, namely: Toy water slides |
|---|

## Grounds for Cancellation

| The mark is merely descriptive | Trademark Act section 2(e)(1) |
|---|---|
| Other | Ornamental - Does Not Function as a Trademark<br>(Trademark Act section 2) |

| Related<br>Proceedings | Wham-O, Inc. v. SLB Toys, U.S. District Court for the Central District of<br>California (Case No. CV 06-1382 RSWL (CWx)) Wham-O, Inc. v. Manley Toys,<br>Ltd., A.W. Computer Holdings, et al. (USDC Central District of California, Case<br>No. CV08-01281PSG(Ex)) |
|---|---|

| Attachments | AW Computer v. Wham-O (69075-0003) Petition to Cancel.pdf ( 12 pages<br>)(203656 bytes ) |
|---|---|

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| Signature | /rod s. berman/ |
|---|---|
| Name | Rod S. Berman |
| Date | 04/28/2008 |

Exhibit 5          21

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| AW Computer Holdings LLC,<br><br>Petitioner,<br><br>v.<br><br>WHAM-O, Inc.,<br><br>Registrant. | Cancellation No._____<br><br>Reg. Nos.  0761883; 1432069; and 2924744<br><br>Marks: SLIP 'N SLIDE; YELLOW SLIDE DESIGN, and YELLOW and BLUE SLIDE DESIGN |

United States Patent and Trademark Office

Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

## PETITION FOR CANCELLATION

1.      Petitioner, AW Computer Holdings LLC, a California limited liability company,

("Petitioner") with a business address of 2229 Barry Avenue, Los Angeles, California 90064,

believes it will be damaged by the continued registration of United States Trademark

Registration Nos. 0761883, 1432069 and 2924744 and, by and through its undersigned counsel,

hereby petitions to cancel these registrations.

2.      The foregoing registrations are owned by Wham-O, Inc. ("Registrant").

Petitioner is informed and believes, and on that basis alleges, that Registrant has a principal place

of business at 5903 Christie Avenue, Emeryville, California 94608.

5288923v1

Exhibit 5          22

<u>Reg. No. 0761883 - Generic</u>

3.      The term SLIP 'N SLIDE which is the subject of Reg. No. 0761883 is a generic

term for a water slide, upon which the user slips and slides.

<u>Reg. No. 1432069 – De Jure Functional</u>

4.      The design of Reg. No. 1432069 is comprised of matter that, as a whole, is

functional within the meaning of Section 2(e)(5) of the Trademark Act (15 U.S.C. §1052(e)(5)).

<u>Reg. No. 2924744 – No Secondary Meaning and Ornamental</u>

5.      The design of Reg. No. 2924744 is merely descriptive and had not achieved

secondary meaning as of the filing date of the application that matured into the subject

registration; and is ornamental and does not function as a trademark.

<u>As to Reg. No. 1432069 – Fraud on Trademark Office</u>

6.      The mark of Reg. No. 1432069 was abandoned.  Registrant did not advise the

Trademark Office of the functionality of the design of Reg. No. 1432069 nor that it had become

abandoned, and thus Registrant committed fraud on the Trademark Office.  If the Trademark

Office had known of the functionality of the design of Reg. No. 1432069, it would not have

granted Reg. No. 1432069.  If The Trademark Office had known of the abandonment of Reg.

No. 1432069, it would not have maintained the registration on the Principal Register.

7.      Petitioner believes it will be harmed by the continued registration of Reg. Nos.

0761883, 1432069 and 2924744, which were improperly, fraudulently and/or inequitably

obtained.  As a matter of public policy, improperly, fraudulently and inequitably obtained

registrations should not be permitted to remain on the Register, and Petitioner, a potential

competitor of Registrant, believes it will be harmed by the maintenance of such registrations.

2

8.      If Registrant is allowed to maintain Reg. Nos. 0761883, 1432069 and 2924744, it would thereby continue to maintain at least a *prima facie* exclusive right to the use of the marks related thereto.  Such registrations are and continue to be a source of damage and injury to Petitioner as marks improperly procured, or procured by fraud or inequitable conduct, and should not be maintained on the Register.

9.      For full disclosure, in <u>Wham-O, Inc. v. SLB Toys</u>, United States District Court for the Central District of California, Case No. CV 06-1382 RSWL (CWx), Registrant Wham-O obtained a jury verdict against SLB Toys, a copy of which is attached hereto as Exhibit A.  The foregoing case dealt in part with the validity of Reg. Nos. 1432069 and 2924744.  Petitioner was not a party to this litigation.  Petitioner has acquired the appellate rights that SLB Toys previously owned, and is now prosecuting an appeal of the verdict and other orders in the case before the Ninth Circuit Court of Appeals; the Notice of Appeal being filed on March 5, 2008.  Petitioner is also a defendant in the recently filed case <u>Wham-O, Inc. v. Manley Toys, Ltd., A.W.</u> <u>Computer Holdings, et al.</u> (USDC Central District of California, Case No. CV08-01281PSG(Ex)).  Because of the pendency of the appeal and Petitioner's rights therein, and the aforementioned lawsuit, Petitioner is also being harmed by the maintenance of Reg. Nos. 1432069 and 2924744.

## CONCLUSION

WHEREFORE, and in accordance with Section 14 of the Trademark Act, Petitioner prays that this Petition for Cancellation be sustained and that Reg. Nos. 0761883, 1432069, and 2924744 be cancelled.

3

The Commissioner is hereby authorized to charge the required fee of nine hundred dollars ($900) to Deposit Account No. 10-0440.  Please charge any deficiency or credit any overpayment to Deposit Account No. 10-0440.

This Petition for Cancellation is being filed by the undersigned attorneys at law, duly authorized to represent Petitioner in this proceeding, pursuant to C.F.R. § 2.111(b).

Respectfully submitted,

Dated: April 27, 2008                    By: _____

Rod S. Berman, Esq.
Brian W. Kasell, Esq.
JEFFER MANGELS BUTLER & MARMARO, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
(310) 203-8080
Attorneys for Petitioner AW COMPUTER
HOLDINGS LLC

4

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

|  |  |
|---|---|
| AW Computer Holdings LLC,<br><br>      Petitioner,<br><br>    v.<br><br>WHAM-O, Inc.,<br><br>      Registrant. | Cancellation No._____<br><br>Reg. Nos.  0761883; 1432069; and<br>      2,924,744<br><br>Marks: SLIP 'N SLIDE; YELLOW SLIDE<br>      DESIGN, and YELLOW and BLUE<br>      SLIDE DESIGN |

**PETITION FOR CANCELLATION**

# EXHIBIT A

Exhibit 5          26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK U.S. DISTRICT COURT

OCT 11 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

SLB TOYS USA, INC., a New York corporation

Plaintiff / Counter-Defendant,

v.

WHAM-O, INC., a Delaware corporation

Defendant / Counter-Claimant.

No: 2:06-CV-01382 RSWL (CWx)

**VERDICT FORM WITH SPECIAL INTERROGATORIES**

The Honorable Ronald S.W. Lew

///
///
///
///
///
///
///

DOCKETED ON CM

OCT 11 2007

BY                    022

455

Exhibit 5                    27

WE, THE JURY, FIND:


**CLAIM 1--INFRINGEMENT OF YELLOW WATER SLIDE TRADEMARK**

    On the claim of Wham-O against SLB for infringement of the trademark (registered as U.S. Trademark Reg. No. 1,432,069 or unregistered) for the color YELLOW on the sliding surface of water slide toys, we, the jury, find in favor of (check one):

    Wham-O: _X_

    SLB: ___


    If you found for Wham-O on claim 1, do you find that SLB infringed the trademark willfully?

    Yes: _X_

    No: ___


**CLAIM 2--INFRINGEMENT OF YELLOW/BLUE WATER SLIDE TRADEMARK**

    On the claim of Wham-O against SLB for infringement of the trademark registered in the United States (U.S. Trademark Reg. No. 2,924,744), we, the jury, find in favor of (check one):

    Wham-O: ___

    SLB: _X_

1

Exhibit 5                28

If you found in favor of Wham-O on claim 2, do you find that SLB infringed the trademark willfully?

Yes:\_\_\_

No: \_\_\_

## CLAIM 3--FALSE ADVERTISING

On the claim of Wham-O against SLB for unfair competition through false advertising, we, the jury, find in favor of (check one):

Wham-O: X

SLB: \_\_\_

If you found in favor of Wham-O on claim 3, do you find that SLB intended to deceive or otherwise acted in bad faith?

Yes: X

No: \_\_\_

## CLAIM 4--DILUTION

On the claim of Wham-O against SLB for dilution of the trademark (registered or unregistered) for the color YELLOW on the sliding surface of water slide toys, we, the jury, find in favor of (check one):

Wham-O: X

SLB: \_\_\_

2

Exhibit 5          29

1   If you found in favor of Wham-O on claim 4, do you
2   find that SLB diluted the YELLOW trademark willfully?
3   Yes: X
4
5   No: ___
6
7   **DAMAGES--ALL CLAIMS**
8   Note:  Complete the following paragraph only if you
9   find in favor of the Wham-O on at least one of the
10  claims.
11
12
13  We, the jury, assess damages for the Wham-O in the
14  sum of $ 3.60 M .
15      $ 3,600,000
16
17
18
19
20
21
22
23
24
25
26
27
28

3

Exhibit 5          30

## ADVISORY VERDICT

The Court requests advice from the jury with regard to the following matters.

### SLB'S CLAIM FOR CANCELLATION

Do you find that SLB has established by clear and convincing evidence that Wham-O abandoned its YELLOW WATER SLIDE trademark registration (U.S. Trademark Reg. No. 1,432,069)?

Yes: ___

No: X

### WHAM-O'S REQUEST FOR ENHANCED DAMAGES

Note: Complete the following paragraphs only if you find in favor of Wham-O and find willfulness or bad faith on at least one of the claims.

Do you find that enhanced damages should be awarded against SLB in order to fully compensate Wham-O and/or to make SLB's infringement unprofitable?

Yes: X

No: ___

4

Exhibit 5                    31

1    If your answer was Yes, please recommend an amount

2    of enhanced damages to the Court in a sum no more than

3    three times the damages you have already assessed.   The

4    enhanced amount may not be so great as to constitute a

5    penalty.

6

7    We, the jury, recommend enhanced damages for Wham-O

8    in the sum of $ _____2.4 M____.

9                   $ 2,400,000

10   PLEASE SIGN AND DATE THIS FORM AND RETURN IT TO THE

11   COURT

12

13

14   Dated: ___11 Oct 07___

15

16   Signed: Name Redacted by Court for service

17          ___(by Jury Foreperson)___        on parties

18

19

20

21

22

23

24

25

26

27

28

5

Exhibit 5          32

## ELECTRONIC FILING CERTIFICATE

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being submitted electronically through the Electronic System for Trademark Trials and Appeal ("ESTTA") on the date shown below:

Date: 4\28\08

Sharon Duncan

## CERTIFICATE OF SERVICE

I hereby certify that one (1) copy of this document is being deposited with the United States Postal Service as First Class Mail, postage affixed, in an envelope addressed to:

Beth M. Goldman
Heller Ehrman LLP
333 Bush Street
San Francisco CA 94104-2878

Date: 4\28\08

Sharon Duncan

JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Phone: (310) 203-8080
Fax: (310) 203-0567
www.jmbm.com

5288923v1

Exhibit 5          33

# EXHIBIT 6

Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov

ESTTA Tracking number:   **ESTTA223521**

Filing date:   **07/10/2008**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

## Petitioner Information

| Name | Manley Toys Ltd. | | |
|------|------------------|--|--|
| Entity | Limited Company | Citizenship | Hong Kong |
| Address | Phase I & II No. 818 Cheung Sha Wan Road 8/F Hong Kong Spinners Industrial Building, Kowloon HONG KONG | | |

| Attorney information | Rod S. Berman, Esq. Jeffer, Mangels, Butler & Marmaro LLP 1900 Ave. of the Stars 7th Floor Los Angeles, CA 90067 UNITED STATES trademarkdocket@jmbm.com |
|------|------|

## Registration Subject to Cancellation

| Registration No | 761883 | Registration date | 12/24/1963 |
|------|------|------|------|
| Registrant | WHAM-O, INC. 5903 CHRISTIE AVENUE EMERYVILLE, CA 94608 UNITED STATES | | |

## Goods/Services Subject to Cancellation

| Class U022 (International Class 028). First Use: 1961/04/13 First Use In Commerce: 1961/04/13 All goods and services in the class are cancelled, namely: Flexible Plastic Water Slide |
|------|

## Grounds for Cancellation

| Genericness | Trademark Act section 23 |
|------|------|

| Attachments | Petition for Cancellation.pdf ( 3 pages )(30335 bytes ) |
|------|------|

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| Signature | /jessica c. bromall/ |
|------|------|
| Name | Jessica C. Bromall, Esq. |
| Date | 07/10/2008 |

Exhibit 6          34

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| MANLEY TOYS LTD., | Cancellation No. _____ |
| Petitioner, | Reg. Nos. 761,883 |
| v. | Marks: SLIP 'N SLIDE |
| WHAM-O, INC., | |
| Respondent. | |

United States Patent and Trademark Office

Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

## PETITION FOR CANCELLATION

1.    Petitioner, Manley Toys Ltd. ("Petitioner"), a company organized under the laws

of Hong Kong, with its principal place of business in Kowloon, Hong Kong, and which conducts

business in the United States, believes it will be damaged by the continued registration of United

States Trademark Registration Nos. 761,883 (SLIP 'N SLIDE) and, by and through its

undersigned counsel, hereby petitions to cancel this registration.

2.    The foregoing registration is owned by respondent Wham-O, Inc. ("Respondent").

Petitioner is informed and believes, and on that basis alleges, that Respondent has a principal

place of business at 5903 Christie Avenue, Emeryville, California 94608.

3.    Petitioner designs, manufactures and distributes a variety of toys including an

extensive line of water slides and water toys including slip 'n slides.

4.      Respondent's purported mark SLIP 'N SLIDE, which is the subject of Reg. No. 761,883, is the common descriptive name of the articles included in Respondent's description of goods and has become the generic name of all such goods.  Therefore, Petitioner alleges that Respondent's registered mark does not function to identify the source of Respondent's goods and distinguish them from goods offered by others.

5.      Petitioner is likely to be damaged by the continued registration of the generic term "slip 'n slide" in that Respondent's registration impairs Petitioner's right to legally use the term "slip 'n slide" to describe its products and impairs Petitioner's right to refer to its products by their common descriptive name.

CONCLUSION

WHEREFORE, and in accordance with Section 14 of the Trademark Act, Petitioner prays that this Petition for Cancellation be sustained and that Reg. No. 761,883 be cancelled.

This Petition for Cancellation is being filed by the undersigned attorneys at law, duly authorized to represent Petitioner in this proceeding, pursuant to C.F.R. § 2.111(b).

Respectfully submitted,

Dated: July 10, 2008            By: _____

Rod S. Berman, Esq.
Brian W. Kasell, Esq.
Jessica C. Bromall, Esq.
JEFFER MANGELS BUTLER & MARMARO, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
(310) 203-8080
Attorneys for Petitioner MANLEY TOYS LTD.

2

## CERTIFICATE OF SERVICE

I hereby certify that one (1) copy of this document is being deposited with the

United States Postal Service as First Class Mail, postage affixed, in an envelope addressed to:

Beth M. Goldman
Shannon S. Kin
Heller Ehrman LLP
333 Bush Street
San Francisco CA 94104-2878

Wham-O, Inc.
5903 Christie Avenue
Emeryville, CA 94608

Date: ___7/10/08___

Michelle Boothby

JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Phone: (310) 203-8080
Fax: (310) 203-0567
www.jmbm.com

3

Exhibit 6        37

# EXHIBIT 7

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA227444**

Filing date: **07/30/2008**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

## Petitioner Information

| Name | Manley Toys Ltd. | | |
|---|---|---|---|
| Entity | Limited Company | Citizenship | Hong Kong |
| Address | Phase I & II No. 818 Cheung Sha Wan Road 8/F Hong Kong Spinners Industrial Building, Kowloon HONG KONG | | |

| Attorney information | Rod S. Berman, Esq. Jeffer, Mangels, Butler & Marmaro LLP 1900 Ave. of the Stars 7th Floor Los Angeles, CA 90067 UNITED STATES trademarkdocket@jmbm.com |
|---|---|

## Registration Subject to Cancellation

| Registration No | 679186 | Registration date | 05/26/1959 |
|---|---|---|---|
| Registrant | WHAM-O, INC. 3830 DEL AMO BOULEVARD, SUITE 101 TORRANCE, CA 905032119 UNITED STATES | | |

## Goods/Services Subject to Cancellation

| Class U022 (International Class 028). First Use: 1957/06/17 First Use In Commerce: 1957/07/08 All goods and services in the class are cancelled, namely: TOY FLYING SAUCERS FOR TOSS GAMES |
|---|

## Grounds for Cancellation

| Genericness | Trademark Act section 23 |
|---|---|

| Attachments | Petition for Cancellation - FRISBEE.pdf ( 3 pages )(27695 bytes ) |
|---|---|

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| Signature | /jessica c. bromall/ |
|---|---|
| Name | Jessica C. Bromall |
| Date | 07/30/2008 |

Exhibit 7      38

Exhibit 7      39

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>
<u>BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD</u>

| | |
|---|---|
| MANLEY TOYS LTD., | Cancellation No. _____ |
| Petitioner, | Reg. No. 679,186 |
| v. | Marks: FRISBEE |
| WHAM-O, INC., | |
| Respondent. | |

United States Patent and Trademark Office

Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

## **PETITION FOR CANCELLATION**

1.     Petitioner, Manley Toys Ltd. ("Petitioner"), a company organized under the laws of Hong Kong, with its principal place of business in Kowloon, Hong Kong. Petitioner conducts business in the United States. It believes it will be damaged by the continued registration of United States Trademark Registration No. 679,186 (FRISBEE) and, by and through its undersigned counsel, hereby petitions to cancel this registration.

2.     The foregoing registration is owned by respondent Wham-O, Inc. ("Respondent"). Petitioner is informed and believes, and on that basis alleges, that Respondent has a principal place of business at 5903 Christie Avenue, Emeryville, California 94608.

3.     Petitioner designs, manufactures and distributes a variety of toys, including frisbees.

4.      Respondent's purported mark FRISBEE, which is the subject of Reg. No. 679,186, is the common descriptive name of the articles included in Respondent's description of goods and has become the generic name of all such goods.  Therefore, Petitioner alleges that Respondent's registered mark does not function to identify the source of Respondent's goods and distinguish them from goods offered by others.

5.      Petitioner is likely to be damaged by the continued registration of the generic term "frisbee" in that Respondent's registration impairs Petitioner's right to legally use the term "frisbee" to describe its products and impairs Petitioner's right to refer to its products by their common descriptive name.

CONCLUSION

WHEREFORE, and in accordance with Section 14 of the Trademark Act, Petitioner prays that this Petition for Cancellation be sustained and that Reg. No. 679,186 be cancelled. This Petition for Cancellation is being filed by the undersigned attorneys at law, duly authorized to represent Petitioner in this proceeding, pursuant to C.F.R. § 2.111(b).

Respectfully submitted,

Dated: July 30, 2008               By: _____

Rod S. Berman, Esq.
Brian W. Kasell, Esq.
Jessica C. Bromall, Esq.
JEFFER MANGELS BUTLER & MARMARO, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
(310) 203-8080
Attorneys for Petitioner MANLEY TOYS LTD.

SS32242v1

Exhibit 7      41

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that one (1) copy of this document is being deposited with the

United States Postal Service as First Class Mail, postage affixed, in an envelope addressed to:

Beth M. Goldman          Wham-O, Inc.
Shannon S. Kin        3830 Del Amo Boulevard, Suite 101
Heller Ehrman LLP      Torrance, CA 90503-2119
333 Bush Street
San Francisco CA 94104-2878


Date: _____     _____
                           Michelle Boothby


JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Phone: (310) 203-8080
Fax: (310) 203-0567
www.jmbm.com

3

5532242v1

# EXHIBIT 8

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA227441**

Filing date: **07/30/2008**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

## Petitioner Information

| Name | Manley Toys Ltd. | | |
|---|---|---|---|
| Entity | Limited Company | Citizenship | Hong Kong |
| Address | Phase I & Phase II No. 818 Cheung Sha Wan Road 8/F Hong Kong Spinners Industrial Building, Kowloon HONG KONG | | |

| Attorney information | Rod S. Berman, Esq. Jeffer, Mangels, Butler & Marmaro LLP 1900 Ave. of the Stars 7th Floor Los Angeles, CA 90067 UNITED STATES trademarkdocket@jmbm.com |
|---|---|

## Registration Subject to Cancellation

| Registration No | 739307 | Registration date | 10/16/1962 |
|---|---|---|---|
| Registrant | WHAM-O, INC. 5903 CHRISTIE AVENUE EMERYVILLE, CA 94608 UNITED STATES | | |

## Goods/Services Subject to Cancellation

| Class U022 (International Class 028). First Use: 1958/05/20 First Use In Commerce: 1958/05/21 All goods and services in the class are cancelled, namely: PLASTIC TOY HOOPS |
|---|

## Grounds for Cancellation

| Genericness | Trademark Act section 23 |
|---|---|

| Attachments | Petition for Cancellation - HULA-HOOP.pdf ( 3 pages )(28148 bytes ) |
|---|---|

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| Signature | /jessica c. bromall/ |
|---|---|
| Name | Jessica C. Bromall |
| Date | 07/30/2008 |

Exhibit 8      43

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>
<u>BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD</u>

| | |
|---|---|
| MANLEY TOYS LTD., | Cancellation No. _____ |
|      Petitioner, | Reg. No. 739,307 |
|    v. | Marks: HULA-HOOP |
| WHAM-O, INC., | |
|      Respondent. | |

United States Patent and Trademark Office

Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

## **PETITION FOR CANCELLATION**

1.     Petitioner, Manley Toys Ltd. ("Petitioner"), a company organized under the laws of Hong Kong, with its principal place of business in Kowloon, Hong Kong.  Petitioner conducts business in the United States.  It believes it will be damaged by the continued registration of United States Trademark Registration No. 739,307 (HULA-HOOP) and, by and through its undersigned counsel, hereby petitions to cancel this registration.

2.     The foregoing registration is owned by respondent Wham-O, Inc. ("Respondent"). Petitioner is informed and believes, and on that basis alleges, that Respondent has a principal place of business at 5903 Christie Avenue, Emeryville, California 94608.

3.     Petitioner designs, manufactures and distributes a variety of toys, including hula-hoops.

Exhibit 8      44

4.     Respondent's purported mark HULA-HOOP, which is the subject of Reg. No. 739,307, is the common descriptive name of the articles included in Respondent's description of goods and has become the generic name of all such goods.  Therefore, Petitioner alleges that Respondent's registered mark does not function to identify the source of Respondent's goods and distinguish them from goods offered by others.

5.     Petitioner is likely to be damaged by the continued registration of the generic term "hula-hoop" in that Respondent's registration impairs Petitioner's right to legally use the term "hula-hoop" to describe its products and impairs Petitioner's right to refer to its products by their common descriptive name.

CONCLUSION

WHEREFORE, and in accordance with Section 14 of the Trademark Act, Petitioner prays that this Petition for Cancellation be sustained and that Reg. No. 739,307 be cancelled. This Petition for Cancellation is being filed by the undersigned attorneys at law, duly authorized to represent Petitioner in this proceeding, pursuant to C.F.R. § 2.111(b).

Respectfully submitted,

Dated: July 20, 2008          By: _____
                                  Rod S. Berman, Esq.
                                  Brian W. Kasell, Esq.
                                  Jessica C. Bromall, Esq.
                                  JEFFER MANGELS BUTLER & MARMARO, LLP
                                  1900 Avenue of the Stars, Seventh Floor
                                  Los Angeles, California 90067
                                  (310) 203-8080
                                  Attorneys for Petitioner MANLEY TOYS LTD.

5533749v1                                    Exhibit 8      45

## CERTIFICATE OF SERVICE

I hereby certify that one (1) copy of this document is being deposited with the

United States Postal Service as First Class Mail, postage affixed, in an envelope addressed to:

Beth M. Goldman
Shannon S. Kin
Heller Ehrman LLP
333 Bush Street
San Francisco CA 94104-2878

Wham-O, Inc.
5903 Christie Avenue
Emeryville, CA 94608

Date: _____          _____
                                    Michelle Boothby

JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Phone: (310) 203-8080
Fax: (310) 203-0567
www.jmbm.com

# EXHIBIT 9

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA246262**

Filing date: **10/31/2008**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| Name | Manley Toys Ltd. | | |
|---|---|---|---|
| Entity | Limited Company | Citizenship | Hong Kong |
| Address | Phase I & Phase II No. 818 Cheung Sha Wan Road 8/F Hong Kong Spinners Industrial Building, Kowloon HONG KONG | | |

| Attorney information | Rod S. Berman, Esq. Jeffer, Mangels, Butler & Marmaro LLP 1900 Ave. of the Stars, 7th Floor Los Angeles, CA 90067 UNITED STATES trademarkdocket@jmbm.com |
|---|---|

## Applicant Information

| Application No | 77234204 | Publication date | 10/07/2008 |
|---|---|---|---|
| Opposition Filing Date | 10/31/2008 | Opposition Period Ends | 11/06/2008 |
| Applicant | Wham-O, Inc. 5903 Christie Avenue Emeryville, CA 94608 UNITED STATES | | |

## Goods/Services Affected by Opposition

| Class 006. All goods and services in the class are opposed, namely: Metal key chains; metal key rings; figures of common metal; figurines of common metal; metal bicycle locks; metal key holders |
|---|
| Class 009. All goods and services in the class are opposed, namely: Computer game software and computer game programs, namely, videogames and interactive videogames for use with gaming consoles, cell phones, personal computers, and hand-held videogame devices; downloadable software, namely, videogames and interactive videogames; sunglasses; decorative magnets; eyeglass cases; telephones; fashion eyeglasses; swimming goggles; snow goggles; diving goggles; goggles for sports; protection and safety apparatus, namely, inflatable floatation devices |
| Class 014. All goods and services in the class are opposed, namely: Precious metals and their alloys; horological and chronometric instruments; jewelry; costume jewelry; earrings; rings; medallions; non-monetary coins of precious metal; clocks; watches; stop watches; ankle bracelets; body piercing rings and studs; identification bracelets |
| Class 018. All goods and services in the class are opposed, namely: Animal skins and hides; trunks and traveling bags; umbrellas; saddlery; luggage; sports bags; duffel bags; garment bags; backpacks; briefcases; fanny packs; handbags; luggage tags; knapsacks; tote bags; purses; wallets; credit card |

Exhibit 9          47

cases; gym bags; all-purpose sports gear carrying bags; dog leashes; shoe bags for travel; school bags; pet collars

Class 020.
All goods and services in the class are opposed, namely: Non-metal key rings and chains; hand-held mirrors; plaques of bone, ivory, plastic, wax or wood; soft sculpture wall decorations; decorative mobiles; plastic and metal stands for displaying or holding various types of toys and sporting equipment; plastic figurines; toy boxes; plastic and wood figurines; plastic identification tags; furniture; chairs and stools; tables; folding sports seats and stools; footstools; inflatable pillows

Class 021.
All goods and services in the class are opposed, namely: Combs; bath sponges; kitchen sponges; beverage glassware; drinking cups and glasses; jugs; decorative and commemorative plates; dinnerware; figurines made of china, crystal, earthenware, glass, porcelain and terra cotta; mugs made of earthenware, glass and porcelain; lunch boxes; tankards not of precious metal; meal trays; wastepaper baskets; candlesticks of glass; plaques of china, crystal, earthenware, glass, porcelain, or terra cotta

Class 024.
All goods and services in the class are opposed, namely: Table linen; table cloths not of paper; towels; beach towels; bed linens; table linens; cloth banners; cloth pennants; woolen blankets; silk blankets; bed blankets; coverlets; cloth napkins; lap robes

Class 025.
All goods and services in the class are opposed, namely: Men's, women's and children's clothing, namely, bathing suits, belts, neckties, suspenders, bandanas, infant and toddler sleepwear, bathrobes, night shirts, pajamas and loungewear, beach cover-up dresses, cloth diaper sets, knit dresses with pants sets, shorts and top sets, skirt/panty combinations, socks, play suits, coveralls, union suits, collarless shirts, shorts, pants and slacks, shirts; jackets, namely, wind-resistant jackets and nylon shells; sports uniforms; sweaters; parkas; turtlenecks; mittens; gloves; underwear; rompers; jerseys; headwear and scarves; ear muffs, ear bands and headbands; hosiery; rain ponchos and jackets; bath thongs; visors; aprons; ski and cloth bibs; T-shirts; sweatshirts; sweatpants; coats; pullovers; ski suits; golf shirts and hats; blazers; legwarmers; evening tops; jeans; leotards; workout and sports apparel, namely, tank tops, sports bras; ski masks; footwear, namely, shoes, boots, slippers, and beach sandals; headgear, namely, hats, caps, baseball caps

Class 028.
All goods and services in the class are opposed, namely: Board games; target games; decorations for Christmas trees; toy flying disks; snow sleds for recreational use; toboggans; body boards; bags especially designed for surfboards; leashes used in conjunction with surfing; skim boards; surf boards; swim fins; dolls and stuffed toy animals; toy scale model vehicles; jigsaw puzzles; Christmas tree ornament; commemorative sports balls; action puppets; inflatable toys; teddy bears; dartboard cabinets and darts; Christmas stockings; basketball backboards; yo-yos; action figures and accessories therefore; marbles; sports balls; volleyball nets, tennis nets, nets for ball games; plastic toy hoops; toy foot bean bags; gymnastic equipment, namely, equipment for practicing body surfing out of the water; balloons; golf gloves; radio-operated toy vehicles; toys for pets; pinball machines; discuses; exercise equipment, namely, equipment for practicing body surfing out of the water; hand-held units for playing video games; inflatable float mattresses or pads for recreational use; inflatable inner tubes for aquatic recreational use; water toys; sand toys; plastic water-filled snow globes; toy boxes; plastic water-filled snow globes

## Grounds for Opposition

| *Torres v. Cantine Torresella S.r.l.Fraud* | 808 F.2d 46, 1 USPQ2d 1483 (Fed. Cir. 1986) |

| Attachments | Notice of Opposition.pdf ( 5 pages )(15027 bytes ) |

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

Exhibit 9        48

| Signature | /rod s. berman/ |
| --- | --- |
| Name | Rod S. Berman, Esq. |
| Date | 10/31/2008 |

Exhibit 9        49

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| MANLEY TOYS LTD., | Opposition No. _____ |
| Opposer, | Appl. Serial No.: 77/234,204 |
| v. | Mark:  SUPERBALL |
| WHAM-O, INC., | Published for Opposition: |
| Applicant. | October 7, 2008 |
| | Atty. Ref. No.:  69447-0014 |

**NOTICE OF OPPOSITION**

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451

Opposer, Manley Toys Ltd. ("Opposer"), is a company organized under the laws of Hong Kong, with its principal place of business in Kowloon, Hong Kong.  Opposer conducts business in the United States, and believes that it is and will be damaged by the registration on the Principal Register of SUPERBALL, the subject of Application Serial No. 77/234,204 (the "Application"), allegedly owned by Wham-O, Inc. ("Applicant"), and Opposer hereby opposes registration of the foregoing mark.

As grounds for this Opposition, it is alleged that:

1.      On information and belief, Applicant is a Delaware corporation with a principal place of business at 5903 Christie Avenue, Emeryville, California 94608.

2.      The Application was filed on or about July 19, 2007, based on an alleged intent to use in commerce the SUPERBALL mark in connection with goods in Int. Classes 6, 9, 14, 18, 20, 21, 24, 25, and 28.

5730354v1

Exhibit 9        50

3.      The Application was published for opposition on October 7, 2008 in connection with "metal key chains; metal key rings; figures of common metal; figurines of common metal; metal bicycle locks; metal key holders" in Int. Cl. 6; "computer game software and computer game programs, namely, videogames and interactive videogames for use with gaming consoles, cell phones, personal computers, and hand-held videogame devices; downloadable software, namely, videogames and interactive videogames; sunglasses; decorative magnets; eyeglass cases; telephones; fashion eyeglasses; swimming goggles; snow goggles; diving goggles; goggles for sports; protection and safety apparatus, namely, inflatable floatation devices" in Int. Cl. 9; "precious metals and their alloys; horological and chronometric instruments; jewelry; costume jewelry; earrings; rings; medallions; non-monetary coins of precious metal; clocks; watches; stop watches; ankle bracelets; body piercing rings and studs; identification bracelets" in Int. Cl. 14; "animal skins and hides; trunks and traveling bags; umbrellas; saddlery; luggage; sports bags; duffel bags; garment bags; backpacks; briefcases; fanny packs; handbags; luggage tags; knapsacks; tote bags; purses; wallets; credit card cases; gym bags; all-purpose sports gear carrying bags; dog leashes; shoe bags for travel; school bags; pet collars" in Int. Cl. 18; "non-metal key rings and chains; hand-held mirrors; plaques of bone, ivory, plastic, wax or wood; soft sculpture wall decorations; decorative mobiles; plastic and metal stands for displaying or holding various types of toys and sporting equipment; plastic figurines; toy boxes; plastic and wood figurines; plastic identification tags; furniture; chairs and stools; tables; folding sports seats and stools; footstools; inflatable pillows" in Int. C. 20; "combs; bath sponges; kitchen sponges; beverage glassware; drinking cups and glasses; jugs; decorative and commemorative plates; dinnerware; figurines made of china, crystal, earthenware, glass, porcelain and terra cotta; mugs made of earthenware, glass and porcelain; lunch boxes; tankards

2

not of precious metal; meal trays; wastepaper baskets; candlesticks of glass; plaques of china, crystal, earthenware, glass, porcelain, or terra cotta" in Int. Cl. 21; "table linen; table cloths not of paper; towels; beach towels; bed linens; table linens; cloth banners; cloth pennants; woolen blankets; silk blankets; bed blankets; coverlets; cloth napkins; lap robes" in Int. Cl. 24; "men's, women's and children's clothing, namely, bathing suits, belts, neckties, suspenders, bandanas, infant and toddler sleepwear, bathrobes, night shirts, pajamas and loungewear, beach cover-up dresses, cloth diaper sets, knit dresses with pants sets, shorts and top sets, skirt/panty combinations, socks, play suits, coveralls, union suits, collarless shirts, shorts, pants and slacks, shirts; jackets, namely, wind-resistant jackets and nylon shells; sports uniforms; sweaters; parkas; turtlenecks; mittens; gloves; underwear; rompers; jerseys; headwear and scarves; ear muffs, ear bands and headbands; hosiery; rain ponchos and jackets; bath thongs; visors; aprons; ski and cloth bibs; T-shirts; sweatshirts; sweatpants; coats; pullovers; ski suits; golf shirts and hats; blazers; legwarmers; evening tops; jeans; leotards; workout and sports apparel, namely, tank tops, sports bras; ski masks; footwear, namely, shoes, boots, slippers, and beach sandals; headgear, namely, hats, caps, baseball caps" in Int. Cl. 25; and "board games; target games; decorations for Christmas trees; toy flying disks; snow sleds for recreational use; toboggans; body boards; bags especially designed for surfboards; leashes used in conjunction with surfing; skim boards; surf boards; swim fins; dolls and stuffed toy animals; toy scale model vehicles; jigsaw puzzles; Christmas tree ornament; commemorative sports balls; action puppets; inflatable toys; teddy bears; dartboard cabinets and darts; Christmas stockings; basketball backboards; yo-yos; action figures and accessories therefore; marbles; sports balls; volleyball nets, tennis nets, nets for ball games; plastic toy hoops; toy foot bean bags; gymnastic equipment, namely, equipment for practicing body surfing out of the water; balloons; golf gloves; radio-operated toy

3

vehicles; toys for pets; pinball machines; discuses; exercise equipment, namely, equipment for practicing body surfing out of the water; hand-held units for playing video games; inflatable float mattresses or pads for recreational use; inflatable inner tubes for aquatic recreational use; water toys; sand toys; plastic water-filled snow globes; toy boxes; plastic water-filled snow globes" in Int. Cl. 28.

      4.      On information and belief, Applicant does not have a bona fide intent to use the mark SUPERBALL in connection with all the goods listed in the Application.  On information and belief, Applicant's claim in the Application of an intent to use the mark SUPERBALL in connection with all the goods listed in the Application is fraudulent or constitutes inequitable conduct.

      5.      Opposer designs, manufactures and distributes a variety of toys and believes that it will be damaged by registration of the term mark SUPERBALL.

      WHEREFORE, and in accordance with Section 13 of the Trademark Act (15 U.S.C. § 1063), Opposer prays that this Opposition be sustained and that Application Serial No. 77/234,204 be refused registration.

      Please charge the required fee of $2,700 to Deposit Account No. 10-0440.  Please charge any deficiency or credit any overpayment to Deposit Account No. 10-0440.

      Respectfully submitted,

Dated: October 31, 2008

By:  /Rod S. Berman/               
Rod S. Berman, Attorneys for Opposer
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
(310) 203-8080
E-mail:  trademarkdocket@jmbm.com

4

## CERTIFICATE OF SERVICE

It is hereby certified that on **October 31, 2008**, a copy of the foregoing NOTICE OF OPPOSITION has been sent by first class mail, postage prepaid to the Applicant correspondence address of record:

Beth M. Goldman
Shannon S. Kin
Heller Ehrman LLP
333 Bush Street
San Francisco CA 94104-2878

Wham-O, Inc.
5903 Christie Avenue
Emeryville, CA 94608

Date: October 31, 2008          Name: _____

JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Phone: (310) 203-8080
Fax: (310) 203-0567
www.jmbm.com

5

Exhibit 9     54