JS-6

FILED
CLERK, U.S. DISTRICT COURT
AUG 13 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHAM-O, INC., <br><br> Plaintiff, <br><br> v. <br><br> MANLEY TOYS, LTD., et al., <br><br> Defendants. | No. CV 08-07830 CBM (SSx) <br><br> ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING DEFENDANTS' MOTIONS TO STRIKE, and DENYING DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE |

The matters before the Court are Defendants AW Computer Holdings LLC ("AW") and Manley Toys, Ltd.'s ("Manley") (1) Motions to Dismiss Complaint [Doc. Nos. 36, 43]; (2) Motions to Strike Portions of Complaint [Doc. Nos. 38, 45]; and (3) Requests for Judicial Notice in Support of Motions to Dismiss and Motions to Strike [Doc Nos. 40, 47].

**RELEVANT BACKGROUND**

**I.    Brief Factual and Procedural History**

This case arises out of a dispute between competing toy manufacturers, Plaintiff Wham-O, Inc. ("Wham-O") on the one side and Defendants AW and Manley on the other. (Compl. at ¶¶ 2, 9.) Wham-O currently owns trademark rights in the following trademarks: Slip 'N Slide, Frisbee, Hula Hoop, and Superball (the "Marks"). (*Id.* at ¶ 1.) There are several ongoing cancellation and

1

opposition proceedings before the United States Patent and Trademark Office ("USPTO") initiated by AW and Manley against Wham-O's Marks, which precede this action.

### A. USPTO Proceedings

On April 28, 2008 and July 10, 2008, AW and Manley, respectively, filed cancellation notices with the USPTO before the Trademark Trial and Appeal Board ("TTAB") claiming Wham-O's Slip 'N Slide Mark is generic and should be terminated. (Compl. at ¶¶ 44, 50, Ex. 5-6.) On July 30, 2008, Manley filed cancellation notices against Wham-O's Frisbee and Hula Hoop Marks claiming that both were generic and should be terminated. (*Id.* at ¶¶ 56, 62, Ex. 7-8.) On October 31, 2008, Manley filed a notice of opposition against Wham-O's Superball trademark application claiming that Wham-O does not have a bona fide intent to use the Superball Mark and that Wham-O's application was fraudulent or constitutes inequitable conduct. (*Id.* at ¶ 71, Ex. 9.) All actions are currently pending before the TTAB, but have been stayed pending the outcome of this lawsuit and other lawsuits. *AW Computer Holdings LLC v. Wham-O, Inc.*, Cancellation No. 92049264, United States Patent and Trademark Office Trademark Trial and Appeal Board (Jan. 12, 2009) (staying proceedings until resolution of civil actions).

### B. Request for Declaratory Relief

Wham-O requests the following declaratory relief in its Complaint:

1. Against AW declaring the Slip 'N Slide Mark is not generic and that the Mark remains valid;
2. Against Manley declaring the Slip 'N Slide Mark is not generic and that the Mark remains valid;
3. Against Manley declaring the Frisbee Mark is not generic and that the Mark remains valid;
4. Against Manley declaring the Hula Hoop Mark is not generic and that the Mark remains valid;

5. Against Manley that Wham-O does have a bona fide intent to use the pending Superball Mark and the Mark application should proceed to allowance.

## DISCUSSION

### I. MOTIONS TO DISMISS

Defendants move to dismiss Wham-O's Complaint with prejudice. Defendants argue that (1) there is no federal subject matter jurisdiction over the Complaint; (2) this case fails to present a case or controversy as required by Article III; and (3) this case presents issues identical to those properly pending before the TTAB and the Court should allow the TTAB to decide these issues.

### A. Legal Standard

A complaint may be dismissed for failure to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Factual allegations contained in the complaint must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint which offers merely "labels and conclusions" or a "formulaic recitation of the elements" without "further factual enhancement" cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a Rule 12(b)(6) Motion to Dismiss, the court assumes all material factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989). In addition, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Swartz v. KPMG*, 476 F.3d 756, 763 (9th Cir. 2007).

However, where a motion to dismiss is grounded entirely on the argument

3

that a party has failed to satisfy the jurisdictional "case or controversy" requirement, the court must construe the motion under Federal Rule of Civil Procedure 12(b)(1). *Rhoades v. Avon Prods., Inc.*, 504 F.3d at 1151, 1157 n.3 (9th Cir. 2007) (quoting *Bland v. Fessler*, 88 F.3d 729, 732 n. 4 (9th Cir. 1996)). In a Rule 12(b)(1) motion, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (1988).

### B. The Declaratory Judgment Act

The Declaratory Judgment Act provides that "in a case of actual controversy" a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This "actual controversy" requirement "is the same as the 'case or controversy' requirement of Article III of the United States Constitution." *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981) (citations omitted). In an action for declaratory relief, the plaintiff must establish two basic requirements: (1) the court has federal subject matter jurisdiction over the claims and (2) an actual case or controversy exists. 28 U.S.C. § 2201; *see also Calderon v. Ashmus*, 523 U.S. 740 (1998).

The Declaratory Judgment Act does not provide litigants with an independent jurisdictional basis for suits in a federal court. *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950)). Therefore, in declaratory relief actions, there must be a source of federal jurisdiction external to the Declaratory Judgment Act. *Skelly Oil*, 339 U.S. at 671. In order to determine whether there is federal question jurisdiction, a court must look to the nature of the action threatened by the declaratory defendant. *See Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237 (1952); *Standard Ins. Co. v.*

4

| | |
|---|---|
| 1 | *Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997). |
| 2 | The case or controversy requirement is satisfied if, "the facts alleged, under |
| 3 | all the circumstances, show that there is a substantial controversy, between parties |
| 4 | having adverse legal interests, of sufficient immediacy and reality to warrant the |
| 5 | issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 |
| 6 | U.S. 118, 127 (2007). Moreover, the dispute has to be "definite and concrete, |
| 7 | touching the legal relations of parties having adverse legal interests." *Id.* |
| 8 | **C. Analysis** |
| 9 | Wham-O's Complaint fails to meet either requirement to state a claim under |
| 10 | the Declaratory Judgment Act. |
| 11 | **1. There is no federal subject matter jurisdiction.** |
| 12 | Wham-O alleges that the court's jurisdiction in this case is based on |
| 13 | diversity of citizenship and federal question under the Lanham Act, 15 U.S.C. |
| 14 | §§ 1111 *et seq.* (Compl. at ¶¶ 13-14.) Defendants correctly argue that the |
| 15 | allegations in the Complaint do not support diversity jurisdiction, and that there is |
| 16 | no federal question jurisdiction in this case. |
| 17 | Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over |
| 18 | matters in which all plaintiffs are of different citizenship than all defendants, and |
| 19 | in which the amount in controversy exceeds $75,000. A corporation is a citizen |
| 20 | both of the state in which it was incorporated and of the state where it has its |
| 21 | principal place of business. 28 U.S.C. § 1332(c). |
| 22 | In this case, Wham-O alleges that it is a Delaware corporation with its |
| 23 | principal place of business in California. (Compl. at ¶ 10.) As to AW, Wham-O |
| 24 | alleges that it is a California limited liability company with its principal place of |
| 25 | business in California. (*Id.* at ¶ 12.) There is no allegation in the Complaint |
| 26 | regarding an amount in controversy. Based on the foregoing, the Court finds that |
| 27 | Wham-O has not sufficiently alleged a basis for diversity jurisdiction. |
| 28 | Wham-O also asserts that this Court has jurisdiction pursuant to the Lanham |

Act, specifically 15 U.S.C. §§ 1119, 1121. The Lanham Act provides that "[t]he district and territorial courts of the United States shall have original jurisdiction…of all actions arising under [The Lanham Act], without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties." 15 U.S.C. § 1121. Specifically, 15 U.S.C. § 1119 states that, "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation [sic] of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." Thus, although federal courts may determine the validity of trademark registrations that are otherwise before them, *e.g.*, in an infringement dispute, the courts do not have "jurisdiction under the Declaratory Judgment Act to determine the validity of [a] trademark where there is no issue of infringement." *Homemakers, Inc. v. The Chicago Home for the Friendless*, 169 U.S.P.Q. (BNA) 262, 263 (7th Cir. 1971) (per curiam).

    The issue in this case is whether Wham-O's Frisbee, Hula Hoop, and Slip 'n Slide Marks are generic and if Wham-O has a bona fide intent to use the pending Superball Mark. Wham-O has filed this action in response to cancellation and opposition proceedings initiated by Defendants before the TTAB. AW and Manley have requested the TTAB to decide whether Wham-O's Marks are entitled to continued registration. There are no infringement claims or any other legal claims between the parties and the Marks involved in this action. Nor can the TTAB proceedings be construed as a potential claim for infringement. *See Nat'l Cable Television Ass'n v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1582 (Fed. Cir. 1991) ("Moreover, an objection to registration does not legally equate with an objection to use, that is, a charge of infringement.") (citations omitted). Based on these facts, there is no threatened action on the part of the Defendants sufficient to establish an independent basis for jurisdiction in this case.

### 2. There is no case or controversy for the Court to adjudicate.

Defendants argue that there is no case or controversy in this case because the parties are not legally adverse and there is no sufficient immediacy to warrant declaratory relief. Defendants additionally argue that the initiation of a TTAB proceeding is not enough to satisfy the case or controversy requirement.

In this case, under all the circumstances, there does not appear to be "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See MedImmune*, 549 U.S. at 127. Wham-O is not under any imminent threat of harm from Defendants. While it is true that Wham-O will lose its rights to exclusively use its Marks if Defendants are successful before the TTAB, it is also true that while the TTAB proceedings are ongoing, Wham-O maintains its full rights to use its Marks. There is no evidence of a threat of litigation or liability hanging over Wham-O as a result of any activity on Defendants' part as it relates to the Marks at issue in this litigation. Wham-O does not allege that either Defendant has threatened to sue Wham-O regarding Wham-O's use of the Marks. In addition, although, as Defendants admit, the parties are commercial competitors, this is not a case of two entities actively using competing trademarks.

Moreover, contrary to Wham-O's assertion, Defendants have not essentially sought permission to infringe. Defendants seek to have the Marks found generic. If Defendants prevail, then anyone, Defendants and Wham-O included, will have the right to use the terms that are currently subject to trademark protection. Although losing trademark protection for its Marks will be an economic loss, if the Marks are generic, they are no longer entitled to trademark protection. Neither Defendant is alleged to be presently using these Marks. Instead, Defendants have initiated proceedings before the TTAB to determine the validity of the Marks.

The Federal Circuit has held that "Article III jurisdiction may be met where

the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). Although this is not a patent case, *SanDisk* is instructive. Here, Wham-O is not being faced with either of these undesirable "choices." The practical effect of dismissing Wham-O's Complaint is to preserve the status quo. Wham-O continues to use its Marks and Defendants continue to refrain from doing so, until after a ruling from the TTAB allows otherwise.

Therefore, taking into account the facts and circumstances as alleged, Wham-O has failed to satisfy the case or controversy requirement of the Declaratory Judgment Act.

Based on the foregoing, the Court grants Defendants' Motions to Dismiss with prejudice.

## II. MOTIONS TO STRIKE

Because the Court grants Defendants' Motions to Dismiss, the Court denies Defendants' Motions to Strike as moot.

## III. REQUESTS FOR JUDICIAL NOTICE

### A. Legal Standard

Federal Rule of Evidence 201 provides guidelines for when a court may take judicial notice of adjudicative facts. According to the Rule, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The Rule requires the court to take judicial notice of a fact "if requested by a party and supplied with the necessary information." FED. R. EVID. 201(c). However, as with evidence generally, the document to be judicially noticed must be *relevant* to the issues in the case. *See Latino Food Marketers, LLC v. Ole Mexican Foods,*

*Inc.*, 407 F.3d 876, 881 (7th Cir. 2005); *Vallot v. Central Gulf Lines, Inc.*, 641 F.2d 347, 350 (5th Cir. 1981).

**B. Analysis**

Defendants request that the Court take judicial notice of the following six exhibits, submitted in support of Defendants' Motions to Dismiss and Motions to Strike.

Exhibit A: The Consent Judgment and Permanent Injunction entered on October 19, 2006 by the Northern District of California in *Wham-O, Inc. v. Manley Toy Direct, LLC*, N. D. Cal. Case No. C06-04504 JF.

Exhibit B: United States Trademark Registration No. 1,432,069, which Mark was the subject of the case *SLB Toys USA, Inc. v. Wham-O, Inc.*, C. D. Cal. Case No. 2:06-CV-01382 RSWL (CWx).

Exhibit C: United States Trademark Registration No. 2,924,744, which Mark was the subject of the case *SLB Toys USA, Inc. v. Wham-O, Inc.*, C. D. Cal. Case No. 2:06-CV-01382 RSWL (CWx).

Exhibit D: The Order re Motion to Dismiss entered by the Central District of California On July 18, 2008 in *Wham-O, Inc. v. Manley Toys, Ltd., et al.*, C. D. Cal. Case No. CV-08-1281 RSWL (CWx).

Exhibit E: Motion to Suspend filed by Wham-O in AW Computer Holdings LLC v. Wham-O Inc., Trademark Trial and Appeal Board Proceeding No. 92/049,264.

Exhibit F: A Judgment issued on December 4, 2007 by the Central District of California in SLB Toys USA, Inc. v. Wham-O, Inc., C. D. Cal. Case No. 2:06-CV-01382 RSWL (CWx).

With respect to Exhibit A, which is offered in support of Defendants' Motions to Strike only, the Court denies the request because the Court has granted Defendants' Motions to Dismiss and denied Defendants' Motions to Strike as moot.

With respect to Exhibits B, C, D, and F, which appear to be offered in support of Defendants' Motions to Dismiss and Motions to Strike, the Court denies the request because these exhibits are either redundant of the allegations in the Complaint (Ex. B, C and F) or have no relevance to the matters before the Court because the exhibit does not make any fact in this case more or less probable (Ex. D). Moreover, the Court does not need to rely on these exhibits to

9

| | |
|---|---|
| 1 | rule on the Motions. |
| 2 | With respect to Exhibit E, which is offered in support of Defendants' |
| 3 | Motions to Dismiss only, and to show that the proceedings before the TTAB and |
| 4 | this action involve the same issues, the Court denies the request because this |
| 5 | exhibit is redundant of the allegations in the Complaint and the Court does not |
| 6 | need to rely on this exhibit to rule on the Motions to Dismiss. |

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' Motions to Dismiss, with prejudice. The Court DENIES as moot Defendants' Motions to Strike. Defendants' Requests for Judicial Notice are also DENIED.

IT IS SO ORDERED.

DATED: August 13, 2009          By_____
                                CONSUELO B. MARSHALL
                                UNITED STATES DISTRICT JUDGE